## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br>William Shelby, IV<br>Debtor | Chapter 7<br><br><br>No. 18-08285<br>Judge: Janet S. Baer |

### NOTICE OF MOTION

To Trustee:
Gina B. Krol
**By Electronic Notice through ECF**

To Attorney:
Dennis L. Leahy
**By Electronic Notice through ECF**

To Debtor:
William Shelby, IV
**By U.S. Mail**

On Wednesday, May 9th, 2018 at 9:30 AM, I shall appear before the Honorable Janet S. Baer or any Judge sitting in her stead or as soon thereafter as counsel may be heard in U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Courtroom 615 and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

| Name: | RANDALL MILLER & ASSOCIATES, LLC |
|---|---|
| | Attorneys for Plaintiff |
| Address: | 120 N. LaSalle Street, Ste. 1140 |
| | Chicago, IL 60602 |
| Attorney: | ARDC#6014883 |

Dated: April 18th, 2018

Respectfully Submitted,
Randall S. Miller & Associates, LLC
*/s/ Samantha San Jose*
Samantha San Jose
**Attorney for Creditor**
120 N. LaSalle St., Suite 1140
Chicago, IL  60602
(312) 239-3432
ssanjose@rsmalaw.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                    Case No:  18-08285
William Shelby, IV                        Chapter: 7
Debtor                                    Hon. Janet S. Baer

---

### MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Movant, Carrington Mortgage Services, LLC, by and through its

attorneys, Randall S. Miller & Associates, LLC, and shows unto this Honorable Court as follows:

1. That Movant is the holder of a mortgage on the real property owned by Debtor, William

   Shelby, IV, located at 6N Fernwood Drive, Bolingbrook, IL 60440 (the "Property") and more

   particularly described as:

   UNIT 3-7-3 AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED

   PARCEL OF REAL ESTATE (HEREINAFTER REFERRED TO AS "PARCEL"): LOTS 7

   AND 8, IN PINE MEADOW, A SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION

   15 IN TOWNSHIP 37 NORTH, AND IN RANGE 10, EAST OF THE THIRD PRINCIPAL

   MERIDIAN, COMMONLY KNOW AS PINE MEADOW SUBDIVISION AS PER

   DOCUMENT NUMBER 71-21842, WHICH SURVEY IS ATTACHED AS EXIBIT "A" TO

   DECLARATION MADE BY ROSEWOOD HOMES, INC., AN ILLINOIS CORPORATION,

   RECORDED IN THE RECORDERS OFFICE OF WILL COUNTY, ILLINOIS, AS

   DOCUMENT NUMBER R72-12479, TOGETHER WITH AN UNDIVIDED .01886

   PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL, ALL THE

   LAND, PROPERTY AND SPACE COMPRISING ALL THE UNITS THEREOF AS

   DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY), IN WILL

   COUNTY, ILLINOIS.

   PIN # 12-02-214-014-0000

2. That Movant has an interest in a mortgage encumbering the Property, which mortgage is dated

   November 30, 2004, by and between William M. Shelby, IV and Karen L. Shelby, as

   Mortgagors, and Countrywide Home Loans, Inc., as Mortgagee (the "Mortgage"). The

   Mortgage was recorded on December 30th, 2004 with the Will County Recorder as Document

   Number 2004233201. The Mortgage was subsequently assigned to Movant pursuant to that

certain Assignment of Mortgage, dated March 9th, 2018 and recorded March 12th, 2018 with the Will County Recorder as Document Number R2018016728.

3. That Debtor filed Chapter 7 Bankruptcy on March 22nd, 2018.

4. That pursuant to Debtor's Statement of Intent, Debtor is surrendering the Property.

5. That pursuant to 11 U.S.C. §362 (d)(1), upon request of a party in interest, the Court shall grant relief from stay for cause, including lack of adequate protection of an interest in property of such party in interest.

6. That there is no equity in the Property. The total amount due and owing to Movant pursuant to all liens on the Property as of March 23rd, 2018 is $103,699.13.

7. That according to the Will County Assessor's Office, the value of the Property is $54,738.00.

8. That pursuant to 11 U.S.C. §362(d)(2)(A) and (B), the court shall grant relief from the stay as the Debtor does not have any equity in the property and the Property will not have an effective reorganization.

9. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the Property, the foreclosure will be conducted in the name of Movant.  Movant, directly or through an agent, has possession of the promissory note.  Movant will enforce the promissory note as transferee in possession.  Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

10.    All communications sent by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtor.

11.    Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which have been included in the calculation of any default figure quotes herein subject to court approval, including:

$750.00 for review of bankruptcy file and preparation of notice/motion for relief from the Automatic Stay, and prosecution of same

$181.00 for Court filing fee

12.     That the entry of the order granting relief from the automatic stay shall be effective

immediately upon entry, notwithstanding the provisions of FRBP §4001(a)(3);

WHEREFORE, Movant, its successors and assigns, respectfully requests that this court enter

an Order Granting Relief from the Automatic Stay against the Debtors for good cause shown

pursuant to 11 USC §362 (d)(1), and that entry of the order shall be effective immediately upon

entry, notwithstanding the provisions of FRBP §4001(a)(3), and whatever other relief the court

deems just and equitable.


                                                    Respectfully Submitted,
                                                    Randall S. Miller & Associates, LLC

Dated: April 18th, 2018                             */s/ Samantha San Jose*
                                                    Samantha San Jose
                                                    Attorney for Creditor
                                                    120 N. LaSalle St., Suite 1140
                                                    Chicago, IL  60602
                                                    (312) 239-3432
                                                    ssanjose@rsmalaw.com

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

In re:                                              Case No:  18-08285
William Shelby, IV                                  Chapter: 7
Debtor                                              Hon. Janet S. Baer

---

### <u>CERTIFICATE OF SERVICE</u>

      The undersigned, hereby certifies that I have served a copy of this Notice along with the Motion for Relief from Automatic Stay upon the parties listed below, as to the Trustee via electronic notice on April 18th, 2018 and as to Debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 43252 Woodward Avenue, Bloomfield Hills, MI 48302 before the hour of 5:00 PM on April 18th, 2018.

To Trustee:                                         To Debtor:
Gina B. Krol                                        William Shelby, IV
105 West Madison Street, Suite 1100                 2048 Prentiss Drive
Chicago, IL 60602                                   Downers Grove, IL 60516
**By Electronic Notice through ECF**               **By U.S. Mail**


To U.S. Trustee:                                    To Co-Debtor:
Patrick S. Layng                                    Karen L. Shelby
219 S. Dearborn Street, Room 873                    6N Fernwood Drive
Chicago, IL 60604                                   Bolingbrook, IL 60440
**By Electronic Notice through ECF**               **By U.S. Mail**


                                        */s/ Matthew Grubba_____*
                                        Matthew Grubba

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**REQUIRED STATEMENT**
**TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

All Cases:  Debtor(s) _____ William Shelby, IV _____ Case No. ____ 18-08285 ____ Chapter ____ 7 ____

All Cases:  Moving Creditor _____ Carrington Mortgage Services, LLC _____ Date Case Filed ____ 03/22/2018 ____

Nature of Relief Sought: ☑ Lift Stay        ☐ Annul Stay        ☐ Other (describe) _____

Chapter 13:  Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
                    ☑ No-Asset Report not Filed, Date of Creditors Meeting _____ 04/17/2018 _____

1.    Collateral
      a.      ☑ Home
      b.      ☐ Car   Year, Make, and Model _____
      c.      ☐ Other (describe)_____

2.    Balance Owed as of Petition Date   $ _____ 103,699.13 _____
      Total of all other Liens against Collateral $_____

3.    In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the
      amounts and dates of all payments received from the debtor(s) post-petition.

4.    Estimated Value of Collateral (must be supplied in *all* cases)   $ _____ 54,738.00 _____

5.    Default
      a.      ☐ Pre-Petition Default
              Number of months _____            Amount $ _____

      b.      ☐ Post-Petition Default
              i.        ☐ On direct payments to the moving creditor
                        Number of months _____            Amount $ _____

              ii.       ☐ On payments to the Standing Chapter 13 Trustee
                        Number of months _____            Amount $ _____

6.    Other Allegations
      a.      ☐ Lack of Adequate Protection  § 362(d)(1)
              i.        ☐ No insurance
              ii.       ☐ Taxes unpaid          Amount $ _____
              iii.      ☐ Rapidly depreciating asset
              iv.       ☐ Other (describe) _____

      b.      ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

      c.      ☐ Other "Cause" § 362(d)(1)
              i.        ☐ Bad Faith (describe)_____
              ii.       ☐ Multiple Filings
              iii.      ☐ Other (describe) _____

      d.      Debtor's Statement of Intention regarding the Collateral
              i. ☐ Reaffirm   ii ☐ Redeem   iii. ☑ Surrender   iv. ☐ No Statement of Intention Filed

Date: _____ 04/18/2018 _____            _____ /s/ Samantha San Jose _____
                                                                        Counsel for Movant

(Rev. 12 /21/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | BK No.:   18-08285 |
| William Shelby, IV | ) | |
| | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| Debtor(s) | ) | |

## ORDER TERMINATING THE AUTOMATIC STAY

THIS CAUSE COMING TO BE HEARD on the Motion of Carrington Mortgage Services, LLC, a secured creditor herein, for relief from the automatic stay, the Court having jurisdiction over the parties and the subject matter and due notice having been given; the Debtor is surrendering his interest in the subject property and the Court finding that the security interest of said creditor is not adequately protected:

WHEREFORE, IT IS HEREBY ORDERED:

(1) Pursuant to 11 U.S.C. §362(d), that Movant, its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. §362(a) by modifying said stay to permit them to pursue their state court remedies as to the property commonly known as 6N Fernwood Drive, Bolingbrook, IL 60440.

(2) Rule 4001(a)(3) is not applicable and Movant may immediately enforce and implement this order granting relief from the automatic stay;

Enter:

Honorable Janet S. Baer

Dated:                                             United States Bankruptcy Judge

**Prepared by:**
/S/ Samantha San Jose
Randall S. Miller & Associates, LLC
120 N. LaSalle St., Ste. 1140
Chicago, IL 60602
(P) 312.239.3432
(F) 312.284.4820

R2004233201_ 1

*H54141*

Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
JASON E. CARPENTER
COUNTRYWIDE HOME LOANS, INC.

100 W 22ND STREET, SUITE 110
LOMBARD
IL 60148



LAURIE MCPHILLIPS 15P  R 2004233201
Will County Recorder      Page 1 of 15

PC1 Date 12/30/2004    Time 10:22:16
Recording Fees:                    29.00

HERITAGE TITLE COMPANY

[Case #]          [Escrow/Closing #]          [Doc ID #]

**State of Illinois**

## MORTGAGE

FHA Case No.

MIN

THIS MORTGAGE ("Security Instrument") is given on   NOVEMBER 30, 2004   . The Mortgagor is
KAREN L SHELBY, AN UNMARRIED WOMAN, AND WILLIAM W SHELBY IV, AN UNMARRIED MAN

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026,
Flint, MI 48501-2026, tel. (888) 679-MERS.
COUNTRYWIDE HOME LOANS, INC.
("Lender") is organized and existing under the laws of  NEW YORK                  , and has an address
of
4500 Park Granada, Calabasas, CA 91302-1613
Borrower owes Lender the principal sum of
NINETY TWO THOUSAND ONE HUNDRED FIFTY and 00/100

Initials: _____

**FHA Illinois Mortgage with MERS - 4/96**           Page 1 of 8
-4N(IL) (0305)     CHL (03/04)(d)     VMP Mortgage Solutions (800)521-7291           Amended 2/01







R2004233201_2

CASE #: �xxxxx▮                                        DOC ID #: ▮xxxxx▮

Dollars (U.S. $ 92,150.00         ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on DECEMBER 01, 2034     . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in   WILL                              County, Illinois:

UNIT 3-7-3 AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL
ESTATE (HEREINAFTER REFERRED TO AS "PARCEL"): LOTS 7 AND 8, IN PINE MEADOW, A
SUBDIVISION IN THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 15, IN
TOWNSHIP 37 NORTH, AND IN RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN,
COMMONLY KNOWN AS PINE MEADOW SUBDIVISION AS PER DOCUMENT NUMBER71-21842,
WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO DECLARATION MADE BY ROSEWOOD HOMES,
INC., AN ILLINOIS CORPORATION, RECORDED IN THE RECORDERS OFFICE OF WILL
COUNTY, ILLINOIS, AS DOCUMENT NUMBER R72-12479, TOGETHER WITH AN UNDIVIDED
.01886 PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL, ALL THE
LAND, PROPERTY AND SPACE COMPRISING ALL THE UNITS THEREOF AS DEFINED AND SET
FORTH IN SAID DECLARATION AND SURVEY), IN WILL COUNTY, ILLINOIS.  PIN #
12-02-15-214-014-0000

Parcel ID #: 1202152140140000
which has the address of                    6N FERNWOOD DRIVE, BOLINGBROOK                    ,
                                                    [Street, City]

Illinois    60440      ("Property Address");
         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

VMP ®-4N(IL) (0305)        CHL (03/04)                    Page 2 of 8                    Initials: _____

CASE #: ▮▮▮▮▮▮▮▮▮▮▮▮        DOC ID #: ▮▮▮▮▮▮▮▮▮▮▮▮

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

[X] Condominium Rider          [ ] Growing Equity Rider          [ ] Other [specify]
[ ] Planned Unit Development Rider   [ ] Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Karen L Shelby_ _____ (Seal)
KAREN L. SHELBY                              -Borrower

_William W Shelby IV_ _____ (Seal)
WILLIAM W. SHELBY IV                         -Borrower

_____ (Seal)
                                            -Borrower

_____ (Seal)
                                            -Borrower

STATE OF ILLINOIS,                          County ss: _Cook_

I, _the undersigned_ , a Notary Public in and for said county and state do hereby certify that

_Karen L Shelby & William W Shelby IV_

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed and delivered the said instrument as his/her/their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this _30th_ day of _November_ , _2004_ .

My Commission Expires: _4/28/06_        _____
                                        Notary Public

"OFFICIAL SEAL"
WILLIAM J. WONAIS
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 04/28/06

R2004233201_ 9

# ADJUSTABLE RATE RIDER

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
PARCEL ID #:
1202152140140000
Prepared By:
JASON E. CARPENTER
COUNTRYWIDE HOME LOANS, INC.


100 W 22ND STREET, SUITE 110
LOMBARD
IL 60148

|  |  |  |
|---|---|---|
| ▬▬▬▬▬ | ▬▬▬ | ▬▬▬▬ |
| [Case #] | [Escrow/Closing #] | [Doc ID #] |

**FHA Multistate ARM Rider - 04/04**

 **-591U** (0404)    **CHL (03/04)(d)**    Page 1 of 4    Initials:
VMP Mortgage Solutions - (800)521-7291



CASE #: ███████████          DOC ID #: ███████████
                             ┌─────────────────────────────┐
                             │ FHA Case No.                │
                             │                   ████████  │
                             └─────────────────────────────┘

THIS ADJUSTABLE RATE RIDER is made this 30th day of NOVEMBER, 2004  , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
6N FERNWOOD DRIVE
BOLINGBROOK, IL 60440
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
**INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Date**
The interest rate may change on the first day of APRIL, 2006      , and on that day every 12th month thereafter. "Change Date" means each date on which the interest rate could change.
**(B) The Index**
Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. As used in this Rider, "Secretary means the Secretary of Housing and Urban Development or his or her designee." Lender will give Borrower notice of the new Index.
**(C) Calculation of Interest Rate Changes**
Before each Change Date, Lender will calculate a new interest rate by adding a margin of
TWO & ONE-QUARTER              percentage point(s) (   2.250 %) to the Current Index

VMP -591U (0404)       CHL (03/04)        Page 2 of 4                    Initials:

10

R2004233201_ 11

CASE #: ████████████         DOC ID #: ████████████

and rounding the sum to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in paragraph (D) of this Rider, this rounded amount will be the new interest rate until the next Change Date.

**(D) Limits on Interest Rate Changes**

The existing interest rate will never increase or decrease by more than
one                    percentage point(s) (    1.0  %) on any single Change Date. The
interest rate will never be more than five                     percentage point(s)
(    5.0  %) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.

**(E) Calculation of Payment Change**

If the interest rate changes on a Change Date, Lender will calculate the amount of monthly payment of principal and interest which would be necessary to repay the unpaid principal balance in full at the Maturity Date at the new interest rate through substantially equal payments. In making such calculation, Lender will use the unpaid principal balance which would be owed on the Change Date if there had been no default in payment on the Note, reduced by the amount of any prepayments to principal. The result of this calculation will be the amount of the new monthly payment of principal and interest.

**(F) Notice of Changes**

Lender will give notice to Borrower of any change in the interest rate and monthly payment amount. The notice must be given at least 25 days before the new monthly payment amount is due, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the new monthly payment amount, (vi) the Current Index and the date it was published, (vii) the method of calculating the change in monthly payment amount, and (viii) any other information which may be required by law from time to time.

**(G) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs (C) and (D) of this Rider will become effective on the Change Date. Borrower shall make a payment in the new monthly amount beginning on the first payment date which occurs at least 25 days after Lender has given Borrower the notice of changes required by paragraph (F) of this Rider. Borrower shall have no obligation to pay any increase in the monthly payment amount calculated in accordance with paragraph (E) of this Rider for any payment date occurring less than 25 days after Lender has given the required notice. If the monthly payment amount calculated in accordance with paragraph (E) of this Rider decreased, but Lender failed to give timely notice of the decrease and Borrower made any monthly payment amounts exceeding the payment amount which should have been stated in a timely

VMP® -591U (0404)      **CHL (03/04)**      Page 3 of 4      Initials: _____

R2004233201_ 12

CASE #: ████████████        DOC ID #: ████████████

notice, then Borrower has the option to either (i) demand the return to Borrower of any excess payment, with interest thereon at the Note rate (a rate equal to the interest rate which should have been stated in a timely notice), or (ii) request that any excess payment, with interest thereon at the Note rate, be applied as payment of principal. Lender's obligation to return any excess payment with interest on demand is not assignable even if the Note is otherwise assigned before the demand for return is made.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
KAREN L. SHELBY                              - Borrower

_____ (Seal)
WILLIAM W. SHELBY IV                         - Borrower

_____ (Seal)
                                             - Borrower

_____ (Seal)
                                             - Borrower

-591U (0404)        CHL (03/04)        Page 4 of 4

# CONDOMINIUM RIDER

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

PARCEL ID #:
1202152140140000
Prepared By:
JASON E. CARPENTER
COUNTRYWIDE HOME LOANS, INC.


100 W 22ND STREET, SUITE 110
LOMBARD
IL 60148


[Case #]          [Escrow/Closing #]          [Doc ID #]

FHA CASE NO.

-586U (9705).02  CHL (03/01)(d)
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3

FHA Multistate Condominium Rider - 10/95
Initials:



13

CASE #: ███████████        DOC ID #: ████████████

THIS CONDOMINIUM RIDER is made this 30th day of NOVEMBER, 2004 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to
COUNTRYWIDE HOME LOANS, INC.

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

6N FERNWOOD DRIVE
BOLINGBROOK, IL 60440
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

PINE MEADOW

[Name of Condominium Project]

("Condominium Project"). If the owners association or other entity which acts for the Condominium Project ("Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring all property subject to the condominium documents, including all improvements now existing or hereafter erected on the Property, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the condominium unit or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B. Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the Condominium Project.

C. If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

VMP®   -586U (9705).02    CHL (03/01)        Page 2 of 3        Initials: _____

14

R2004233201_ 15

CASE #: ████████████       DOC ID #: ████████████

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)
KAREN L. SHELBY                                    - Borrower

_____ (Seal)
WILLIAM W. SHELBY IV                               - Borrower

_____ (Seal)
                                                   - Borrower

_____ (Seal)
                                                   - Borrower

Ⓥ⑥ -586U (9705).02   CHL (03/01)        Page 3 of 3

15

R2009116611

Receipt # T20090115483

**Karen A. Stukel    Will County Recorder   2P**
DT       Date 09/28/2009              Time 10:03:05
Recording Fees:                                    $24.75
IL Rental Hsng. Support Program:          $10.00

-----------------------------------------------------------------
**Above space for Recorder's Use Only**

File # ▮▮▮▮▮ CFC

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that Mortgage Electronic Registration Systems, Inc.
a Corporation organized and existing under and by virtue of the laws of the State of Delaware,
party of the first part, for and in consideration of the sum of TEN DOLLARS and other good and
valuable consideration, the receipt whereof is hereby acknowledged granted, assigned and
transferred to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP all
interests in and under that certain Mortgage dated 11/30/2004 executed by William W. Shelby a/k/a
William W. Shelby IV and Karen L. Shelby

Grantor(s), to Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Home
Loans, Inc.. Said Mortgage was recorded/registered with the recorder/registrar for Will County,
Illinois on 12/30/2004 as Document Number R 2004233201 and which Mortgage covers the
following described property, to-wit:

UNIT 3-7-3 AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL ESTATE
(HEREINAFTER REFERRED TO AS "PARCEL"): LOTS 7 AND 8, IN PINE MEADOW, A SUBDIVISION IN
THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 15 IN TOWNSHIP 37 NORTH, AND IN RANGE
10, EAST OF THE THIRD PRINCIPAL MERIDIAN, COMMONLY KNOWN AS PINE MEADOW SUBDIVISION
AS PER DOCUMENT NUMBER 71-21842, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO
DECLARATION MADE BY ROSEWOOD HOMES, INC., AN ILLINOIS CORPORATION, RECORDED IN THE
RECORDERS OFFICE OF WILL COUNTY, ILLINOIS, AS DOCUMENT NUMBER R72-12479, TOGETHER
WITH AN UNDIVIDED .01886 PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL,

Pg. 1 of 2   File # ▮▮▮▮▮

ALL THE LAND, PROPERTY AND SPACE COMPRISING ALL THE UNTIES THEREOF AS DEFINED AND
SET FORTH IN SAID DECLARATION AND SURVEY), IN WILL COUNTY, ILLINOIS.

Commonly known as:      6N Fernwood Drive
                        Bolingbrook, IL 60440

PIN 12-02-15-214-014

together with note or notes therein described or referred to, the money due and to become due
thereon, with interest, and all rights accrued or to accrue under said Mortgage.

IN WITNESS WHEREOF, said party of the first part has caused this instrument to be signed by its
Authorized Signator and its corporate seal affixed hereto this August 20, 2009.

Mortgage Electronic Registration Systems, Inc.

BY:

William McAlister
Authorized Signator

STATE OF Illinois

                        SS

COUNTY OF DuPage

I, Kristin Madison  the undersigned Notary Public, do hereby certify that -

**William McAlister** _____ who is personally known to me to be the Authorized Signatory of

the corporation that executed the within and foregoing instrument, and acknowledged said

instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes

therein mentioned, and on oath stated that he was authorized to execute said instrument.

GIVEN under my hand and Seal this 20 day of August, 20 09.

Notary Public               SEAL
Prepared by and mail to:
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-09-24363
**DOCUMENT CONTROL DEPT.**

OFFICIAL SEAL
KRISTIN MADISON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/04/12

Documents provided by DataTree LLC via it's proprietary imaging and delivery system Copyright 2003, All rights reserved.

When Recorded Return To:
Bank of America
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

Doc ID: 4878631142129315

**R2018016728**
KAREN A. STUKEL
WILL COUNTY RECORDER
RECORDED ON
03/12/2018 09:47:37 AM
REC FEE: 45.75
IL RENTAL HSNG: 9.00
PAGES: 3
DMB

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING, LP, WHOSE ADDRESS IS 4909 SAVARESE CIRCLE, TAMPA, FL 33634, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to **CARRINGTON MORTGAGE SERVICES, LLC, WHOSE ADDRESS IS 1600 SOUTH DOUGLASS RD, STE 200-B, ANAHEIM, CA 92806 (800)561-4567, ITS SUCCESSORS AND ASSIGNS (ASSIGNEE).**

Said Mortgage is dated 11/30/2004, and made by **KAREN L. SHELBY AND WILLIAM W. SHELBY IV** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., ITS SUCCESSORS AND ASSIGNS and recorded in the records of the Recorder or Registrar of Titles of <u>WILL</u> County, <u>Illinois</u>, in <u>Document # R 2004233201</u>.

Upon the property situated in said State and County as more fully described in said Mortgage or herein to wit:
SEE ATTACHED EXHIBIT A
Tax Code/PIN: 12-02-15-214-014-0000
Modification: 04/12/2013 INSTR#:R2013045063.
Property is commonly known as: 6N FERNWOOD DRIVE, BOLINGBROOK, IL 60440.

**Dated this 09th day of March in the year 2018**
**BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING, LP, by NATIONWIDE TITLE CLEARING, INC, its Attorney-in-Fact**



**ANDRE MIRANDA**
**VICE PRESIDENT**

All persons whose signatures appear above are employed by NTC, have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA        COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on this 09th day of March in the year 2018, by Andre Miranda as VICE PRESIDENT of NATIONWIDE TITLE CLEARING, INC. as Attorney-in-Fact for BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING, LP, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

**MICHELLE BROWN**
**COMM EXPIRES: 10/13/2020**

MICHELLE BROWN
Notary Public - State of Florida
My Commission #GG 38514
Expires October 13, 2020

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
                    MIN                    MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI 48501-2026 DOCR T091803-08:00:06 [C-3] EFRMIL1




Description: Will,IL Document (W) - Year.DocID 2018.16728 Page: 1 of 3
Order: 15552068 Comment:

# Exhibit A

Documents provided by DataTree LLC via it's proprietary imaging and delivery system  Copyright 2003, All rights reserved.

PROVIDED BY A TREE BY WILL COUNTY RECORDER

UNIT 3-7-3 AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL ESTATE
(HEREINAFTER REFERRED TO AS "PARCEL"): LOTS 7 AND 8, IN PINE MEADOW, A SUBDIVISION IN
THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 15 IN TOWNSHIP 37 NORTH, AND IN RANGE
10, EAST OF THE THIRD PRINCIPAL MERIDIAN, COMMONLY KNOWN AS PINE MEADOW SUBDIVISION
AS PER DOCUMENT NUMBER 71-21842, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO
DECLARATION MADE BY ROSEWOOD HOMES, INC., AN ILLINOIS CORPORATION, RECORDED IN THE
RECORDERS OFFICE OF WILL COUNTY, ILLINOIS, AS DOCUMENT NUMBER R72-12479, TOGETHER
WITH AN UNDIVIDED .01886 PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL,

Description: Will,IL Document (W) - Year.DocID 2018.16728 Page: 2 of 3
Order: 15552068 Comment:

# Exhibit A

PROVIDED TO DATA TREE BY WILL COUNTY RECORDER

ALL THE LAND, PROPERTY AND SPACE COMPRISING ALL THE UNTIES THEREOF AS DEFINED AND
SET FORTH IN SAID DECLARATION AND SURVEY), IN WILL COUNTY, ILLINOIS.

Description: Will,IL Document (W) - Year.DocID 2018.16728 Page: 3 of 3
Order: 15552068 Comment:

**R2013045063**
Receipt # T20130040131

**Karen A. Stukel    Will County Recorder    7P**
LK        Date 04/12/2013            Time 12:39:18
Recording Fees:                                $27.75
IL Rental Hsng. Support Program:               $10.00

Recording Requested by

Bank of America, N.A.
WHEN RECORDED MAIL TO:

Bank of America, N.A.
1001 Liberty Avenue, Suite 675
Pittsburgh, PA 15222

Joshua McKay
1001 Liberty Ave Ste 675
Pittsburgh PA 15222

This document was prepared by Bank of America, N.A.

See Exhibit B for assignments of record if applicable

Space Above for Recorder's Use

### LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made on November 27, 2012 between KAREN L SHELBY and WILLIAM W SHELBY (the "Borrower(s)") and Bank of America, N.A., Original Lender/Beneficiary Lender or Servicer ("Lender"), amends and supplements that certain (Mortgage/Deed of Trust) (the "Security Instrument") dated the 30th of November, 2004 which covers the real and personal property described in the Security Instrument and defined therein as the 'Property' (See Exhibit A for Legal Description if applicable), located at 6N FERNWOOD DRIVE, BOLINGBROOK, IL 60440.

The real property described being set forth as follows:  New Money : 23,618.31

### SAME AS IN SAID SECURITY INSTRUMENT

Prev. Recorded 12/30/04  Inst # 2004233201  APN: 1202152140140000

In consideration of the mutual promises and agreements exchanged, the parties hereto agree to modify the Security Instrument as follows:

The fifth [and sixth] sentence[s] of the first paragraph of the Security Instrument is[are] hereby amended to read in its[their] entirety as follows:

Borrower owes Lender the principal sum of one hundred fifteen thousand seven hundred sixty-eight and 31/100, (U.S. Dollars) ($115,768.31). This debt is evidenced Borrower's note dated the same date as the Security Instrument, as amended and restated as of the date herewith ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on November 1, 2042. The Borrower[s] shall comply with all other covenants, agreements and requirements of the Security Instrument. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Security Instrument. Except as otherwise specifically provided in this Agreement, the Security Instrument shall remain unchanged, and the Borrower[s] and Bank of America, N.A. shall be bound by, and

WDGGovLnModAgree                    Page 1 of 4            WDGLMAGM 7382 07/20/2007

comply with all of the terms and provisions thereof, as amended by this Agreement, and the Security Instrument shall remain in full force and effect and shall continue to be a first lien on the above-described property. All capitalized terms not defined herein shall have the same meanings as set forth in the Security Instrument.

SIGNED AND ACCEPTED THIS ___12___ DAY OF ___Dec 2012___

BY

_____
KAREN L SHELBY

_____
WILLIAM W SHELBY

_____                _____

_____                _____

(ALL SIGNATURES MUST BE ACKNOWLEDGED)

State of ___IL___, County of ___DuPage___ On this ___12___ day of ___Dec. 2012___ before me the undersigned, a Notary Public in and for said State, personally appeared KAREN L SHELBY and WILLIAM W SHELBY known to me, or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged that ___Both___ executed the same.

Witness my hand and official seal.

_____ Notary Signature

___Ileana Fisher___ Notary Public Printed Name Place Seal Here

___04/27/2014___ Notary Public Commission Expiration Date

Official Seal
Ileana Fisher
Notary Public State of Illinois
My Commission Expires 04/27/2014

3

**DO NOT WRITE BELOW THIS LINE**
********************************************************************************

THIS SECTION IS FOR INTERNAL Bank of America, N.A. USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP
    By: Urban Settlement Services, LLC, its attorney in fact

By: _____  Dated: _____**DEC 2 0** 2012____

Name: **Andre Bandeiler**
Title : **ASSISTANT SECRETARY**

_____[Space below this line for Acknowledgement]_____

STATE OF _Colorado_
COUNTY OF _Broomfield_

On _12 20 12_ before me, _Sherylynn Brown_ Notary Public, personally appeared _Andre Bandelier_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ Notary Signature

_Sherylynn Brown_ Notary Public Printed Name Place Seal Here

_12 27 15_ Notary Public Commission Expiration Date

**SHERRY LYNN BROWN**
NOTARY PUBLIC, STATE OF COLORADO
My Comm. Expires December 27, 2015

5

## Exhibit A

### Legal Description

UNIT 3-7-3 AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL
ESTATE (HEREINAFTER REFERRED TO AS "PARCEL"); LOTS 7 AND 8, IN PINE MEADOW, A
SUBDIVISION IN THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 15∅ IN
TOWNSHIP 37 NORTH, AND IN RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN,
COMMONLY KNOWN AS PINE MEADOW SUBDIVISION AS PER DOCUMENT NUMBER71-21842,
WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO DECLARATION MADE BY ROSEWOOD HOMES,
INC., AN ILLINOIS CORPORATION, RECORDED IN THE RECORDERS OFFICE OF WILL
COUNTY, ILLINOIS, AS DOCUMENT NUMBER R72-12479, TOGETHER WITH AN UNDIVIDED
.01886 PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL, ALL THE
LAND, PROPERTY AND SPACE COMPRISING ALL THE UNITS THEREOF AS DEFINED AND SET
FORTH IN SAID DECLARATION AND SURVEY), IN WILL COUNTY, ILLINOIS.  PIN #
12-02-15-214-014-0000

7

Prepared by: JASON E. CARPENTER

THE UNDERSIGNED
THIS IS A CERTIFIED AND
TRUE COPY OF THE ORIGINAL
DOCUMENT

**Multistate**                    ADJUSTABLE RATE NOTE

LOAN #: ████████                                    FHA Case No.

NOVEMBER 30, 2004
[Date]

6N FERNWOOD DRIVE, BOLINGBROOK, IL 60440
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE HOME LOANS, INC.
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of NINETY TWO THOUSAND ONE HUNDRED FIFTY and 00/100
Dollars (U.S. $ 92,150.00           ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at a rate of FOUR & SEVEN-EIGHTHS           percent ( 4.875 %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5(C) of this Note.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on JANUARY 01, 2005 . Any principal and interest remaining on the first day of DECEMBER, 2034 , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such other place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Initially, each monthly payment of principal and interest will be in the amount of U.S. $ 487.67           . This amount will be part of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and other items in the order described in the Security Instrument. This amount may change in accordance with Paragraph 5(E) of this Note.

## 5. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Date

The interest rate may change on the first day of APRIL, 2006           , and on that day every 12th month thereafter. "Change Date" means each date on which the interest rate could change.

### (B) The Index

Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary (as defined in Paragraph 7(B)). Lender will give Borrower notice of the new Index.

### (C) Calculation of Interest Rate Changes

Before each Change Date, Lender will calculate a new interest rate by adding a margin of TWO & ONE-QUARTER           percentage point(s) ( 2.250 %) to the Current Index and rounding the sum to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Paragraph 5(D) of this Note, this rounded amount will be the new interest rate until the next Change Date.

---

 -590 (0404)        CHL (03/04)(d)        VMP Mortgage Solutions (800)521-7291        Initials:



CASE #: _____                                                    LOAN #: _____

**(D) Limits on Interest Rate Changes**

The existing interest rate will never increase or decrease by more than one percentage point(s) ( 1.0 %) on any single Change Date. The interest rate will never be more than five percentage point(s) ( 5.0 %) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.

**(E) Calculation of Payment Change**

If the interest rate changes on a Change Date, Lender will calculate the amount of monthly payment of principal and interest which would be necessary to repay the unpaid principal balance in full at the Maturity Date at the new interest rate through substantially equal payments. In making such calculation, Lender will use the unpaid principal balance which would be owed on the Change Date if there had been no default in payment on the Note, reduced by the amount of any prepayments to principal. The result of this calculation will be the amount of the new monthly payment of principal and interest.

**(F) Notice of Changes**

Lender will give notice to Borrower of any change in the interest rate and monthly payment amount. The notice must be given at least 25 days before the new monthly payment amount is due, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the new monthly payment amount, (vi) the Current Index and the date it was published, (vii) the method of calculating the change in monthly payment amount, and (viii) any other information which may be required by law from time to time.

**(G) Effective Date of Changes**

A new interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date. Borrower shall make a payment in the new monthly amount beginning on the first payment date which occurs at least 25 days after Lender has given Borrower the notice of changes required by Paragraph 5(F) of this Note. Borrower shall have no obligation to pay any increase in the monthly payment amount calculated in accordance with Paragraph 5(E) of this Note for any payment date occurring less than 25 days after Lender has given the required notice. If the monthly payment amount calculated in accordance with Paragraph 5(E) of this Note decreased, but Lender failed to give timely notice of the decrease and Borrower made any monthly payment amounts exceeding the payment amount which should have been stated in a timely notice, then Borrower has the option to either (i) demand the return to Borrower of any excess payment, with interest thereon at the Note rate (a rate equal to the interest rate which should have been stated in a timely notice), or (ii) request that any excess payment, with interest thereon at the Note rate, be applied as payment of principal. Lender's obligation to return any excess payment with interest on demand is not assignable even if this Note is otherwise assigned before the demand for return is made.

## 6. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 7. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent ( 4.000 %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 8. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

CASE #: ▮▮▮▮▮▮▮▮                                                    LOAN #: ▮▮▮▮▮▮▮

**10. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
KAREN L. SHELBY                                    -Borrower

_____ (Seal)
WILLIAM W. SHELBY IV                               -Borrower

_____ (Seal)
                                                  -Borrower

_____ (Seal)
                                                  -Borrower

Appendix IV

FHA Case No.

████████████

### SUBORDINATE NOTE

2/13/2009

KAREN L SHELBY & WILLIAM W SHELBY, IV
6N FERNWOOD DRIVE
BOLINGBROOK, IL 60440
DOC ID/████████████

### 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.  "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2.  BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of Seven Thousand Two Hundred Seventy-Three Dollars & Twelve Cents ($7,273.12), to the order of Lender.

### 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."  The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.  MANNER OF PAYMENT

(A) **Time**

On, 12/1/2034 of insured mortgage or, if earlier, when the first of the following events occurs:

(i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)  The maturity date of the primary Note has been accelerated, or

(iii) The Note and related mortgage, deed or trust or similar Security Instrument are no longer insured by the Secretary, or

(iv) The property is not occupied by the purchaser as his or her principal residence.

1 of 2

CALIFORNIA - SCHEDULE "A" - HUD INSTRUMENT

FHA- PARTIAL CLAIM

(B) **Place**

Payment shall be made at the Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5.  **BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6.  **WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

KAREN L SHELBY
(SEAL)
Borrower

WILLIAM W SHELBY, IV
(SEAL)
Borrower

OFFICIAL SEAL
NICOLE KRATON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Exp. 8/30/2010

OFFICIAL SEAL
NICOLE KRATON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Exp. 8/30/2010

2 of 2

CALIFORNIA - SCHEDULE "A" - HUD INSTRUMENT